IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No.: 0:21-cv-00730-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| New Haven Hospice Care, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court for review of the Government's Motion for Default Judgment (ECF No. 8) pursuant to Federal Rule of Civil Procedure 55(b). For the reasons set forth herein, the court **GRANTS** the Government's Motion as set forth below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

      This case arises from Defendant New Haven Hospice Care, LLC's failure to fully repay delinquent debts to the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS"). (ECF No. 1 at 1 ¶ 4.) The Government alleges that CMS determined Defendant's annual charges under the Medicare program exceeded funding caps established by the program, resulting in overpayments to Defendant. (*Id.* at 2 ¶ 5.) On March 17, 2015, CMS sent Defendant a demand letter seeking reimbursement in the amount of $198,251.00 for the hospice cap overpayment from November 1, 2012 through October 31, 2013. (*Id.* at ¶ 7.) On May 22, 2015, CMS sent Defendant an Intent to Refer letter seeking payment of principal and accrued interest in the amount of $201,720.40. (*Id.* at ¶ 8.) In June 2015, the debt was referred to the Department of Treasury Bureau of the Fiscal Service for administrative debt collection

---

[1] The factual background comes from allegations in the Complaint. (*See* ECF No. 1.)

1

pursuant to the Debt Collection Improvement Act of 1996 (31 U.S.C. § 3701, *et seq.*).  (*Id.* at ¶ 9.)  On June 12, 2015, the Bureau of Fiscal Service sent Defendant a demand letter.  (*Id.*)  Defendant did not respond to any of the Government's demands or correspondence.

On March 16, 2021, Defendant was served with the Complaint, filed by the Government on March 12, 2021.  (ECF No. 8-1 at 2.)  Defendant has not filed an answer, or any responsive pleading and the clerk submitted an entry of default on April 22, 2021.  (ECF No. 7.)  On April 23, 2021, the Government moved for default judgment against Defendant.  (ECF No. 8.)

## II.     ANALYSIS

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner.  FED. R. CIV. P. § 55.  A defendant has twenty-one days "after being served with the summons and complaint" to file a written response before the court enters a default judgment.  *See* FED. R. CIV. P. § 12(a)(1).  When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to the defendant's liability.  *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780–81 (4th Cir. 2001).

Defendant failed to plead, appear, or otherwise defend against the instant action.  Consequently, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed based on the Certificate of Indebtedness.  (ECF No. 8-2.)  The Government's allegations and/or evidence are sufficient to establish Defendant's responsibility for failing to repay delinquent debts stemming from CMS payments over the hospice cap as described in the Complaint (ECF No. 1) and Motion (ECF No. 8).  Thus, the Government's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendant pursuant to Rule 55(b)(2).  *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764,* No. 2:09-CV-0594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011);

*see also J&J Sports Prods., Inc. v. Collective Minds, LLC*, No. 3:17-CV-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a defendant's default); *J&J Sports Prods., Inc. v. Segura*, No. 3:12-CV-03241-CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same).

### III.     CONCLUSION

Based upon the foregoing, the Government's Motion for Default Judgment (ECF No. 8) is **GRANTED**, the Government's allegations are deemed admitted, and Defendant is indebted to the Government in the amount of $323,946.90 (*see* ECF Nos. 1-1, 8-1 at 2, 8-2, 8-3 at 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 21, 2021
Columbia, South Carolina

3